

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

ALDRICH PUMP, LLC, et al.,

Debtor.

Case: 1:22−mc−00080
Assigned To : Kelly, Timothy J.
Assign. Date : 8/25/2022
Description: Misc.

Misc. Action No. ___

Chief Judge Beryl A. Howell

# MEMORANDUM AND ORDER

Movants, who are "thousands of asbestos victims," have moved to proceed under pseudonym in this action seeking to quash a subpoena issued by Aldrich, LLC, a company in bankruptcy proceedings in the Western District of North Carolina, to the "Manville Personal Injury Settlement Trust" (the "Manville Trust") and "its Virginia-based administrator Claims Resolution Management Corporation." Movants the Manville Trust Matching Claimants' Motion to Proceed Anonymously ("MTMC Mot.") at 1. Movants are nonparties to the subpoena, but seek to quash Aldrich from "improperly seek[ing]" their "personal identifying information—names, Social Security numbers, etc.," as "asbestos victims who have long-settled their claims against Aldrich." *Id.* They move to proceed under pseudonym in this suit to prevent Aldrich from learning their identities and other personal data, which is "precisely the information that [it] is not entitled to" and the reason for the suit. *Id.* at 2. For the reasons set forth below, movants' motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

## I. BACKGROUND

As part of its bankruptcy proceedings in the Western District of North Carolina, Aldrich has subpoenaed the Manville Trust "for electronically stored data concerning approximately 9,000 mesothelioma claimants who settled with Aldrich prior to its bankruptcy," including movants here. *Id.* at 1. This data includes "the claimant's last name and Social Security Number" as well as those of "family members or an estate representative if the claimant is deceased." *Id.* at 2. Movants challenge this subpoena under Federal Rule of Civil Procedure 45, on the grounds that the subpoena "is overbroad, and fails to adequately protect the claimants' data." Manville Trust Matching Claimants' Mot. Quash or Modify Subpoena, or Alternatively for Protective Order ("MTMC Mot. Quash") at 18. They seek to proceed under pseudonym because their "personal data . . . including their identity . . . is precisely the information that Aldrich is not entitled to, and which the Motion to Quash seeks to prevent," such that requiring movants to provide "the names of all claimants to Aldrich in the Motion to Quash would render the Motion a complete nullity." MTMC Mot. at 1–2. [2]

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from

---

[2] Movants also assert that their motion should be granted because "naming the claimants in the public record" would violate an order issued in the bankruptcy proceedings before the Western District of North Carolina, MTMC Mot. at 1, but the extent to which, if at all, this Court may be bound by any protective orders issued by the court overseeing the Aldrich bankruptcy proceedings in a separate jurisdiction, need not be addressed.

2

the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited. FED. R. CIV. P. 5.2. Minors, for example, must be referred to using only their initials. FED. R. CIV. P. 5.2(a)(3). The court may also, for good cause, "require redaction of additional information." FED. R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233,

238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.*  Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)).  In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III.    DISCUSSION

At this early stage of the litigation, this Court is persuaded that movants have met the burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in knowing movants' addresses and identities is *de minimis* compared to the significant privacy interests of the movants, whose sole purpose in pursuing this litigation is to prevent such information from falling into Aldrich's possession.  MTMC Mot. at 1–2.

4

First, as the description of movants' claim makes clear, they do not seek to proceed under pseudonym and limit disclosure of their residential addresses "merely to avoid . . . annoyance and criticism." *See In re Sealed Case*, 931 F.3d at 97. Instead, as movants explain, "the entire purpose of this Action is a Motion to Quash" and they "seek only the protection of their sensitive personal and private data." MTMC Mot. at 4 (emphasis in original). Requiring them to disclose their identities at this juncture would defeat that purpose.

Second, and relatedly, requiring movants to disclose identifying information that could permit Aldrich, or others, to obtain other personal information about them poses a risk of harm to movants, given that the data "could be used in a manner detrimental to the privacy interests of movants, particularly if it is misappropriated or inadvertently disclosed." *Id.* While the "risk of retaliatory physical or mental harm" to movants, *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238), is perhaps less extreme than in other situations where this Court has permitted pseudonymity, this factor still weighs in favor of granting movants' motion, especially taken together with the reality that requiring movants to proceed under their real names would frustrate the sole purpose of the litigation.

The third *James* factor requires a court to consider the ages of the parties involved. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Generally, this factor weighs in favor of pseudonymity only when the interests of minor children are involved, but here, movants argue persuasively that their *advanced* age, given that "[m]ost mesothelioma victims are elderly widows and widowers, simply due to the historic nature of exposure to asbestos and the latency period of the disease," weighs in favor of shielding their public information from the litigation, as "they are particularly likely to be victims of identity theft." MTMC Mot. at 5.

5

The fourth *James* factor, also weighs in movants' favor, given the suit challenges the actions of a non-governmental company, Aldrich. *See In re Sealed Case*, 971 F.3d at 329 ("[T]here is a heightened public interest when an individual or entity files a suit against the government.") Here, movants seek to vindicate only their own rights, and anonymity appears to be necessary to provide them the opportunity to do so.

Fifth, and finally, Aldrich would suffer no "risk of unfairness" if movants' motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). As movants explain, if they "prevail on their Motion to Quash, Aldrich will not be entitled to [their] identity," and if they are unsuccessful, "Aldrich will receive the information which the court has deemed it entitled to." MTMC Mot. at 7. The company does not need movants' personal information in order to defend its subpoena at this juncture, and permitting the company to have this information would defeat the purpose of the litigation. *See id.* at 1–2.

In sum, weighed against the minimal apparent interest in disclosure, movants' significant and "legitimate interest in anonymity" and in maintaining the privacy of their personal information are more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed* Case, 931 F3d at 97.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the movants' Motion to Proceed Anonymously is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that movants may proceed with the case using the collective pseudonym "the Manville Trust Matching Claimants;" and it is further

**ORDERED** that movants must file, *ex parte* and under seal, within ten days of this Order, a declaration containing the real names and residential addresses of at least a representative sample of the claimants.

**SO ORDERED.**

Date: August 25, 2022

_____
BERYL A. HOWELL
Chief Judge